# Henry Auction & Storage Company, Limited, Plff. in Err., *v.* Josiah S. Robinson and Margaret A., his Wife, in Right of Said Wife.

A defendant in trover cannot set up an alleged lien in favor of a third person under whom he claims possession.

(Argued November 3, 1886.   Decided November 15, 1886.)

October Term, 1886, No. 141, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.   Error to Common Pleas No. 2 of Allegheny County to review a judgment on a verdict for the plaintiffs in an action of trover.   Affirmed.

The facts as they appeared at the trial before EWING, P. J., were as follows:

Mrs. Margaret A. Robinson, wife of Josiah Robinson, plaintiff below, was the owner in her own right of a piano, six parlor chairs, a what-not, and other household goods, which on November 27, 1884, she sent to the cabinet shop of one W. F. Soneberg, in Pittsburgh, to be repaired.   The following spring Soneberg did the work, and presented a bill for $35, and requested the removal of the goods.   Mrs. Robinson was unable to pay the bill, but promised to do so as soon as she got her money from an estate in process of settlement in the orphans' court.

On October 3, 1885, Soneberg made an arrangement with W. H. Thompson, a member of the Henry Auction & Storage Company, Limited, which, the plaintiffs contended, amounted to a contract to store or pledge the goods, on which Soneberg was to receive $25—a part of his charge for repairs—informing Mr. Thompson, according to the evidence for the plaintiffs, that the goods "belonged to a lady named Robinson."

The defendant introduced testimony to show that Soneberg represented the goods to be his own, and that he ordered them sold.

On the following Monday, Soneberg, without the knowledge or consent of Mrs. Robinson, moved one load of the goods from his shop, took them to the storeroom of the defendant, and

NOTE.—See note to Andrews v. Wade, 3 Sad. Rep. 133.

received $10, with a promise that the balance of the $25 would be paid when he brought the rest of the goods.

On Saturday, of the same week, Soneberg delivered the property to the defendant below, and requested payment of the balance due him as per agreement.    Mr. Thompson then informed him that the first load, consisting of a piano, six parlor chairs, and a what-not, was sold the next day after they were brought there, and tendered Soneberg $7, the proceeds of sale, less commissions, and the $10 advanced.    He refused to take the money, informed Mrs. Robinson of all that had transpired, and directed her to get the goods.    She, without delay, went to the store of the defendant and demanded her property from D. F. Henry, chairman of the defendant, offering at the same time to pay charges for storage, etc.    He refused to recognize her claim. Thereupon she brought this action of trover for the value of the goods sold.

The defendant presented these points:

1.  "That if they, the jury, find from the evidence that the witness, W. F. Soneberg, had a lien on the goods sued for, of $35 for repairs, then the plaintiff was not entitled to the possession of the goods from the defendant, unless upon payment or offer to pay to the defendant said sum of $35."

*Ans.*  "This point is refused.    The defendant admits a conversion of the goods, and a refusal to recognize the plaintiff. Besides, the evidence is that Soneberg himself had directed the plaintiff to get the goods regardless of the lien.    The testimony of plaintiff is that she offered to pay the charges that were against the goods."

2.  "That an offer by the plaintiff to pay to the defendant the sum advanced by it to the bailee, Soneberg, was not sufficient to entitle the plaintiff to recover."

*Ans.*  "Refused."

The court charged, *inter alia,* as follows:

"If the plaintiff was the owner of the goods, and the facts be as alleged, and uncontradicted, that they were taken there and sold, she would be entitled to the value of the goods less, I think, in this case, the amount that the defendant paid to Soneberg, the charge of fifty cents for hauling and a reasonable amount for the storage for the day or two days they were there—not for the costs of selling, because that was a wrong to this woman."

The assignments of error specified the refusal of the defendant's points and the portion of the charge quoted.

*John Barton* and *Whitesell & Sons,* for plaintiff in error.— When a lien exists on property, that must be removed before trover will lie. When property is delivered to another to be, by his skill and labor, or by the addition thereto of property of his own, increased in value, the workman has a lien on the article, both for his labor and materials, whether the price was agreed upon or not. Thus a mechanic of any kind has a lien upon all personal property for manufacture or repairs while it remains in his possession. He has a lien for his materials and labor and may retain possession until his just demands are satisfied. Morgan v. Congdon, 4 N. Y. 552; Gregory v. Stryker, 2 Denio, 628; Picquet v. M'Kay, 2 Blackf. 465.

A refusal to deliver goods on demand is not evidence of a conversion, if the bailee has a right to retain them by virtue of a lien. Edgerly v. Emerson, 23 N. H. 556, 55 Am. Dec. 207.

To maintain trover, there must be either a tortious taking or a tortious withholding of the goods. Bunting v. Dessau, 9 Phila. 31.

If there be an outstanding special property in another, the general owner cannot maintain trover. Morgan v. Negley, 3 Pittsb. 33.

*R. J. Powers,* for defendants in error.—A workman can hold goods as security for repairs against the claim of any person, but the moment he removes them from his shop without the consent of the owner, and pledges them for a loan, he forfeits his lien and right of possession. Gallagher v. Cohen, 1 Browne (Pa.) 43.

A defendant in trover cannot set up an alleged lien in favor of a third party under whom he claims possession. Bean v. Bolton, 3 Phila. 87.

It is too late, after the judge has charged the jury, to tender the article which is the subject-matter of the action in mitigation of damages. Tracey v. Good, 1 Clark (Pa.) 472.

PER CURIAM:

The plaintiff in error has nothing of which it can justly complain. When it was permitted to offset the charge for hauling and storage, it got just that much more than it was entitled to.

The judgment is affirmed.